# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| § | CASE NO. 6:15-CR-4-JDK |
| vs. § | |
| § | |
| § | |
| CARLA THOMAS HAWKINS (15) § | |

## REPORT AND RECOMMENDATION
## ON REVOCATION OF SUPERVISED RELEASE

On March 31, 2020, the Court held a final revocation hearing on a Petition for Warrant or Summons for Offender under Supervision. The Government was represented by Assistant United States Attorney Nathaniel Kummerfeld. Defendant was represented by Matt Millslagle.

*Background*

After pleading guilty to the offense of Conspiracy to Possess with Intent to Distribute Methamphetamine, a Class C felony, Defendant Carla Thomas Hawkins was sentenced on November 21, 2016 by Judge Catharina Haynes sitting by designation in the Eastern District of Texas. The offense carried a statutory maximum imprisonment term of 20 years. The guideline imprisonment range, based on a total offense level of 19 and a criminal history category of II, was 33 to 41 months. Defendant was sentenced to 48 months of imprisonment followed by a 3-year term of supervised release. Defendant's supervision is subject to the standard conditions of release, plus special conditions to include financial disclosure, participation in testing and treatment for drug abuse and participation in any combination of psychological or mental health treatment as deemed appropriate by the treatment provider.

1

Defendant completed her term of imprisonment and started her term of supervised release on August 24, 2018. The case was re-assigned to United States District Judge Jeremy D. Kernodle, on October 24, 2019.

*Allegations*

In the Petition seeking to revoke Defendant's supervised release, filed on December 18, 2019, United States Probation Officer Glenn Filla alleges that Defendant violated the following conditions of supervised release:

1. **Allegation 1 (mandatory condition): The defendant must not commit another federal, state or local crime.** It is alleged that Defendant was arrested on October 28, 2019 by the Mexia Police Department for Theft of Property (State Jail Felony).

2. **Allegation 2 (standard condition 2)**: **After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer and you must report to the probation officer as instructed**. It is alleged that Defendant did not complete a monthly report for November 2019.

3. **Allegation 3 (standard condition 3): You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer**. It is alleged that on January 10, 2019 the defendant admitted she traveled outside the district without permission.

4. **Allegation 4 (standard condition 5): You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change**. It is alleged that the defendant did not notify the probation officer she changed where she lives and her whereabouts are unknown.

5. **Allegation 5 (standard condition 8): You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.** It is alleged that the defendant admitted that on January 10, 2019 she had contact with a convicted felon without permission from the probation officer.

6. **Allegation 6 (standard condition 9): Under the guidance and direction of the U.S. Probation Office, the defendant must participate in any combination of psychological or mental health treatment as deemed appropriate by the treatment provider. The defendant must pay any cost associated with treatment and testing.** It is alleged that the defendant did not attend mental health treatment appointments on December 7 and December 9, 2018; and August 30, 2019.

*Applicable Law*

According to 18 U.S.C. § 3583(e)(3), the Court may revoke the term of supervised release and require a Defendant to serve in prison all or part of the term of supervised release without credit for the time previously served under supervision, if it finds by a preponderance of the evidence that Defendant violated a term of supervised release. Supervised release shall be revoked upon a finding of a Grade A or B supervised release violation. U.S.S.G. § 7B1.3(a)(1). In the present case, Defendant's original offense of conviction was a Class C felony. Accordingly, the maximum imprisonment sentence that may be imposed is 2 years of imprisonment. 18 U.S.C. § 3583(e).

Under the Sentencing Guidelines, which are non-binding,[1] if the Court finds by a preponderance of the evidence that Defendant violated the conditions of supervised release by committing the offense of Theft (State Jail Felony) as alleged in the petition, she is guilty of a Grade B violation. U.S.S.G. § 7B1.1(a). Defendant's original criminal history was II. The guidelines provide that Defendant's guideline range for a Grade B violation is 6 to 12 months of imprisonment. The remaining allegations in the petition are Grade C violations. The guidelines provide that Defendant's guideline range for a Grade C violation is 4 to 10 months of imprisonment.

---

[1] The United States Sentencing Guidelines as applied to revocations of supervised release "have always been non-binding, advisory guides to district courts in supervised release revocation proceedings." *United States v. Brown*, 122 Fed.Appx. 648, 2005 WL 518704, slip op. p.1 (citing *United States v. Davis*, 53 F.3d 638, 642 (5th Cir. 1995)); see also *United States v. Mathena*, 23 F.3d 87 (5th Cir. 1994) (policy statements contained in Chapter 7 of the Sentencing Guidelines applicable to sentencing a defendant upon revocation of supervised release are advisory only.).

*Hearing*

On March 31, 2020, Defendant appeared for a final revocation hearing. Assistant United States Attorney Nathaniel Kummerfeld announced that Defendant and the Government reached an agreement for Defendant to enter a plea of true to Allegation 2 in the petition and to jointly request a sentence of 7 months of imprisonment with no further supervised release. After the Court explained to Defendant her right to a revocation hearing, she waived her right to a revocation hearing and entered a plea of "true" to Allegation 2 in the petition. Defendant requested a recommendation to the Bureau of Prisons to confine her at FCI Carswell.

*Findings and Conclusions*

I find that Defendant is competent and that her plea and waiver of the revocation hearing was knowingly and voluntarily made. I accept Defendant's plea and find by a preponderance of the evidence that Allegation 2 in the petition is true. Defendant is guilty of a Grade C supervised release violation. I further find and conclude that Defendant's term of supervised release should be revoked and that she should be sentenced to 7 months of imprisonment with no supervised release to follow. Any criminal history monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

## RECOMMENDATION

In light of the foregoing, it is recommended that Defendant's plea of true to Allegation 2 in the petition be **ACCEPTED** and that Defendant's term of supervised release be **REVOKED**. It is further recommended that Defendant be sentenced to 7 months of imprisonment with no further supervised release. Any criminal monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards

outstanding balances. It is finally recommended that the Court request the Bureau of Prisons to designate Defendant to FCI Carswell.

Before the conclusion of the hearing, the undersigned announced the foregoing recommendation and notified Defendant of her right to object to this Report and Recommendation and to be present and allocute before being sentenced by the Court. Defendant waived those rights and executed a written waiver in open court. The Government also waived its right to object to the Report and Recommendation. It is therefore recommended that the Court revoke Defendant's supervised release and enter a Judgment and Commitment for her to be sentenced to 7 months of imprisonment with no further supervised release.

So ORDERED and SIGNED this 31st day of March, 2020.

_K. Nicole Mitchell_
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE